UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE, a/k/a
TORI ELISE RUTLEDGE,

Plaintiff,

v.                                                    CAUSE NO. 3:25-CV-546-GSL-JEM

CENTURION HEALTH, et al.,

Defendants.

OPINION AND ORDER

Terry Donald Rutledge a/k/a Tori Elise Rutledge, a prisoner without a lawyer, is

proceeding in this case on five claims. As relevant here, Plaintiff is proceeding:

(1) "against IDOC Executive Director of Mental Health Deanna Dwenger, former IDOC

Commissioner Christina Reagle, IDOC Deputy Commissioner Bill Wilson, and

Executive Director of Classifications Jack Hendrix in their personal capacity for money

damages for approving the plaintiff's transfer to the Westville Control Unit in May 2024

despite her mental health problems in violation of the Eighth Amendment;" (2) against

Commissioner of Indiana Department of Correction Lloyd Arnold "in his official

capacity for injunctive relief related to the plaintiff's need to be transferred out of

Westville Control Unit for mental health reasons as required by the Eighth

Amendment;" and (3) "against the Warden of Westville Correctional Facility in his

official capacity for permanent injunctive relief to receive constitutionally adequate

mental health treatment consistent with the Eighth Amendment[.]" ECF 16 at 8-9.[1]

On December 8, 2025, Director Dwenger, Commissioner Reagle, Deputy

Commissioner Wilson, Director Hendrix, Commissioner Arnold, and the warden (the

"state defendants") filed a joint motion for summary judgment, arguing Plaintiff did

not exhaust all available administrative remedies before filing this lawsuit. ECF 41.[2]

With the motion, the state defendants provided Plaintiff the notice required by N.D.

Ind. L.R. 56-1(a)(4). ECF 44. Attached to the notice was a copy of Federal Rule of Civil

Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule

56-1(b), a party opposing a summary judgment motion must, within 28 days after the

movant serves the motion, separately file (1) a response brief; and (2) a Response to

Statement of Material Facts, which includes a citation to evidence supporting each

dispute of fact. This deadline passed over three months ago, but Plaintiff has not filed

any response. Therefore, the court will now rule on the state defendants' summary

judgment motion.

---

[1] Plaintiff is also proceeding on two claims against various medical defendants, alleging they denied Plaintiff constitutionally adequate medical care in the Westville Control Unit. The medical defendants have not moved for summary judgment and have withdrawn their exhaustion defense.

[2] Plaintiff is proceeding against Commissioner Arnold and the warden in their official capacities for injunctive relief only. These parties were added to this case by the court in order to provide relief in the event Plaintiff prevails on the claim that Plaintiff was denied constitutionally adequate mental health care by the medical defendants and needs additional care and/or to be transferred out of segregated housing for mental health reasons. *See* ECF 9 at 7; ECF 16 at 8. The medical defendants have not moved for summary judgment on exhaustion grounds and have instead withdrawn their exhaustion defense. Granting summary judgment for these officials sued only in their official capacity for injunctive relief would be premature, given that the claims against the medical defendants remain pending. The state defendants' motion for summary judgment will be denied to the extent they seek summary judgment in favor of Commissioner Arnold and the warden.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Plaintiff is proceeding against Director Dwenger, Commissioner Reagle, Deputy Commissioner Wilson, and Director Hendrix for approving Plaintiff's transfer to the Westville Control Unit in May 2024 despite Plaintiff's mental health problems. WCF's Supervisor of Classification attests that WCF has a Classification Appeals Process that was available to Plaintiff at all times. ECF 41-8 at 2. Classification decisions, including facility transfers and housing assignments, are not "grievable" through the Offender Grievance Process and must be appealed through the Classification Appeals Process. *Id.* The Classification Appeals Process allowed Plaintiff to appeal an inter-facility Classification decision by submitting a written "Classification Appeal" form within ten business days from the date Plaintiff received the relevant Classification decision. *Id.* at 2-3. Once Plaintiff submitted the requisite Classification Appeal form and received a response, Plaintiff would have exhausted all available remedies under the Classification Appeals process. *Id.* at 3. Plaintiff was transferred to the Westville Control Unit on May 7, 2024, meaning Plaintiff needed to submit a Classification Appeal form to challenge that transfer on or before May 21, 2024. *Id.* at 4. However, Plaintiff's Classification documents show Plaintiff never submitted any Classification Appeal form related to this transfer. *Id.* Therefore, Plaintiff did not exhaust the available Classification Appeals process before filing this lawsuit. *Id.* Because Plaintiff did not respond to the state defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .").

Here, the state defendants have provided undisputed evidence the Classification Appeals process was available to Plaintiff but Plaintiff did not exhaust that process before filing this lawsuit. Therefore, the state defendants have met their burden to show Plaintiff did not exhaust all available remedies before filing this lawsuit with regard to Plaintiff's claim against Director Dwenger, Commissioner Reagle, Deputy Commissioner Wilson, and Director Hendrix. Summary judgment is thus warranted in favor of these parties.

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 41) with regard to Plaintiff's claims against Director Dwenger, Commissioner Reagle, Deputy Commissioner Wilson, and Director Hendrix;

(2) DENIES the state defendants' motion for summary judgment (ECF 41) with regard to Plaintiff's claims against Commissioner Arnold and the warden;

(3) DISMISSES Director Dwenger, Commissioner Reagle, Deputy Commissioner Wilson, and Director Hendrix from this case; and

(4) REMINDS the parties this case is now proceeding only on Plaintiff's remaining claims:

    a. against Tori Halcarz, Ms. Rodriguez, Dr. Monica Wala, and Regional Medical Director Nancy Stephanie in their personal capacity for money damages for deliberate indifference to Plaintiff's mental health needs from May 2024 to the present in violation of the Eighth Amendment;

b.  against Centurion Health of Indiana for maintaining an unlawful policy of recommending the continued detention of mentally ill inmates in the Westville Control Unit even after they have attempted suicide or otherwise show harmful deterioration in their mental health in violation of the Eighth Amendment;

c.  against Commissioner of Indiana Department of Correction Lloyd Arnold in his official capacity for injunctive relief related to the Plaintiff's need to be transferred out of Westville Control Unit for mental health reasons as required by the Eighth Amendment; and

d.   against the Warden of Westville Correctional Facility in his official capacity for permanent injunctive relief to receive constitutionally adequate mental health treatment consistent with the Eighth Amendment.

SO ORDERED on April 9, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

6