UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY D. RUTLEDGE, a/k/a Tori Elise
Rutledge,

        Plaintiff,

          v.                         CAUSE NO. 3:25-CV-546-GSL-JEM

CENTURION HEALTH, et al.,

        Defendants.

<u>OPINION AND ORDER</u>

Terry D. Rutledge ("Plaintiff"), a prisoner without a lawyer, filed a "Motion for Permission For Leave to File Second Preliminary Injunction In light of Recent Changes Concerning Petitioner's Mental Health and Disciplinary Case Status." (ECF 51.) Plaintiff asks, in effect, for the court to order prison officials to immediately release Plaintiff from the Westville Control Unit ("WCU") and transfer Plaintiff to a different prison.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of [his] case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions— "those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*,

2

22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting).

In this lawsuit, Plaintiff was granted leave to pursue claims related to Plaintiff's transfer to long-term segregation at WCU and the mental health treatment Plaintiff has received there. (ECF 16.) The claims related to the transfer were recently dismissed on exhaustion grounds, and the case is currently in discovery as to the remaining claims. (ECF 48, 49.)

Plaintiff previously moved for a preliminary injunction asking for an immediate transfer out of WCU, but the motion was denied after briefing in September 2025. (ECF 27.) The court will not repeat all of the facts contained in the prior order, but suffice it to say, the record showed that "Plaintiff is in WCU because of a long history of violent behavior."[1] (ECF 27 at 9.) The record further showed that Plaintiff has been diagnosed with depression, but is under the regular care of a psychiatrist, and "prison mental health staff have taken Plaintiff's mental health needs seriously, closely monitored Plaintiff's condition, provided Plaintiff with medication and therapy sessions, and responded to Plaintiff's many written requests for care." (*Id.* at 8.) Medical records also showed "that Plaintiff has made things difficult for providers by making inconsistent

---

[1] Plaintiff is currently serving a 65-year sentence for murder. *Rutledge v. State*, 999 N.E.2d 472 (Ind. Ct. App. 2013). The Warden previously submitted documentation showing that since 2014, Plaintiff has incurred more than 50 disciplinary convictions for rape, illicit sexual conduct, battery on staff, interfering with staff, impairing surveillance, refusing orders, fighting, arson, possession of a deadly weapon, and other offenses. (ECF 14-1 ¶ 19; ECF 14-2.) During a two-month period in 2024 when Plaintiff was incarcerated at Miami Correctional Facility, Plaintiff committed 11 disciplinary violations for battery on staff (including battery by bodily waste), interfering with staff, arson, and disrupting security. (ECF 14-1 ¶ 19.) At that point, he was transferred to WCU. (*Id.* ¶¶ 16-17.)

claims about Plaintiff's mental health, refusing to engage with providers, and even feigning symptoms." (*Id.*) Based on the record, the court denied the Plaintiff's motion seeking an immediate transfer out of WCU for mental health reasons.

Plaintiff now states that Plaintiff's mental health has deteriorated significantly, making Plaintiff unable to function. The court considers, however, that Plaintiff has a history of feigning mental health symptoms to achieve Plaintiff's objectives. (*Id.* at 8.) It is also notable that Plaintiff had the requisite mental abilities to actively litigate two different cases in this District in recent weeks. Just last week Plaintiff appeared for a two-day jury trial before another Judge in an excessive force case. *See Rutledge v. Dunkley, et al.*, No. 3:26-CV-255-DRL (N.D. Ind. closed May 12, 2026); *see also Rutledge v. Dunkley, et al.* No. 3:22-CV-989-DRL (N.D. Ind. filed Dec. 2, 2022). Plaintiff was able to testify before the jury about the 2021 incident underlying the case, and there is nothing in the record to suggest Plaintiff's mental health was in a significantly deteriorated state during that court proceeding.

In the other recent lawsuit, which Plaintiff references in an attachment to the present motion (ECF 51-1 at 1), Plaintiff alleged that prison officials had immediate plans to transfer Plaintiff out of WCU to general population at Westville. *See Rutledge v. Hendrix, et al.*, No. 3:26-CV-397-PPS-AZ (N.D. Ind. filed Mar. 24, 2026). Plaintiff alleged this would pose a grave danger because of Plaintiff's past gang activity, and sought an immediate transfer to another prison. In late April 2026, preliminary injunctive relief was denied after prison officials provided evidence that there were in fact no plans to move Plaintiff out of WCU. *Id.*, ECF 15. Just a short time later, Plaintiff returned to

4

federal court with the present motion citing another reason why Plaintiff allegedly needs an immediate transfer to another prison.

The court understands that Plaintiff does not like the conditions at WCU, but prisoners do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is generally a matter that is committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). The court must also consider that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Records reflect that officials believe WCU is the most appropriate placement for Plaintiff at present, and their judgment is entitled to deference. Public records also do not bear out Plaintiff's assertion that there has been a significant deterioration in mental functioning, warranting emergency injunctive relief. Based on the information before the court, Plaintiff has not shown an entitlement to the extraordinary remedy of a preliminary injunction.

For these reasons, the Plaintiff's motion (ECF 51) is DENIED.

SO ORDERED on May 13, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT